IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHABBAR RAFIQ, | § | |
| | § | |
|     Movant, | § | |
| | § | |
| V. | § | Civil Action No. 4:19-cv-350-O |
| | § | (Criminal No. 4:16-cr-243-O (3)) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Shabbar Rafiq ("Rafiq") has filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), along with separately filed supplement and second supplement and a Declaration. Rule 60(b) Mot., ECF No. 50; Suppl. to Rule 60(b) Mot., ECF No. 51; Second Suppl. to Rule 60(b) Mot., ECF Nos. 57; Rafiq's Declaration, ECF No. 58. In the motion and supplements, Rafiq seeks relief under Federal Rule of Civil Procedure 60(b), essentially challenging this Court's resolution of his underlying claims of ineffective assistance of counsel. Rule 60(b) Mot. 4, ECF No. 50; Suppl.1-2, ECF No. 51; Second Suppl. 1, ECF No. 57. For the reasons stated below, the Court finds the Rule 60(b) motion and supplements constitute a successive § 2255 motion, and as such, determine that it must be dismissed without prejudice for lack of jurisdiction.

### I.    Underlying Conviction and § 2255 Motion

Rafiq was convicted in May 2017 of conspiracy to distribute a controlled substance and a controlled substance analogue in violation of 21 U.S.C. § 846, and sentenced to a term of 144 months' imprisonment, and forfeiture of several items of real property, currency, bank accounts and a vehicle. J, 1-4, *United States v. Rafiq*, No. 4:16-cr-243-O(3), ECF No. 418. Rafiq filed a

direct appeal challenging the Court's forfeiture of property at the time of conviction. The Fifth Circuit rejected his claims and affirmed the Court's judgment. *United States v. Rafiq*, 745 F. App'x 241, 242 (5th Cir. 2018). Rafiq then timely filed a § 2255 motion and supporting brief that opened this civil case number 4:19-cv-350-O. Mot. Vacate, ECF No. 1; Brief, ECF No. 2.

**II.     Grounds for Relief in § 2255 Motion**

In his § 2255 motion and brief, Rafiq raised four grounds of ineffective assistance of counsel. First, Rafiq argued his trial counsel was ineffective because he failed to represent him during the criminal-forfeiture proceedings. Brief 4-6, ECF No. 2; Suppl. Brief 2-3, ECF No. 28. Second, Rafiq claimed his attorney was ineffective for failing to investigate (1) internal DEA deliberations concerning controlled-substance analogues, including purported disagreements whether certain substances should be designated as analogues, and (2) other cases where DEA deliberations arose and defendants challenged the classifications of these analogues. Brief 7-17, ECF No. 2; Suppl. Brief 3-6, ECF No. 28. Third, Rafiq asserted his attorney was ineffective by failing to challenge with mitigating evidence the ratio the Court applied to determine the drug quantity for which he was held responsible. Brief 17-23, ECF NO. 2. Rafiq next claimed his attorney was ineffective by failing to properly investigate and advise him of the immigration consequences related to his guilty plea. Brief 23-24, ECF No. 2. The Court also addressed two supplemental grounds asserted in a supplemental brief. In supplemental ground five, Rafiq claimed that his counsel failed to file a motion for exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963).  In his supplemental ground six, Rafiq asserted that counsel failed to inform him of and assert claims arising from the Supreme Court's decision in *McFadden v. United States*, 576 U.S. 186 (2015).

**III.     Denial of § 2255 Motion and Appeal**

On November 9, 2020, the Court denied all of Rafiq's grounds for relief in the motion under 28 U.S.C. § 2255 (including the third ground that counsel was ineffective for failing to challenge his drug quantity calculation with mitigating evidence and the fourth ground that counsel failed to advise him of the immigration consequences of his guilty plea). ECF Nos. 38 and 39. On November 23, 2020, Rafiq filed a notice of appeal to the Fifth Circuit. ECF No. 40. In his memorandum in support of his request for a certificate of appealability, Rafiq expressly challenged this Court's denial of his claim that counsel was ineffective for failing to present material and relevant evidence negating mens rea as to his specific intent, and in failing to present evidence to mitigate the calculation of his sentence, and he expressly challenged counsel's failure to advise him of deportation consequences and insure proper admonishment of same under Federal Rule of Criminal Procedure 11(b)(1)(O). *See United States v. Rafiq*, No. 20-11168 (Jan 19, 2021) (Appellant's Br. At 6-11, 14-20). The Fifth Circuit, by order issued on July 28, 2021, denied Rafiq's request for a certificate of appealability as to all issues (including Rafiq's challenge to this Court's denial of his ineffective assistance claim based on a failure to submit mitigating evidence) except for his challenge to this Court's resolution of the ineffective assistance claim for failing to advise him of the deportation consequences of his guilty plea. *United States v. Rafiq*, No. 20-11168 (Order July 28, 2021); ECF No. 45. As to that one issue, the court of appeals granted Rafiq a certificate of appealability. *Id.* Subsequently, by Order issued on July 1, 2022, the Fifth Circuit affirmed this Court's resolution of that one remaining claim. *See United States v. Rafiq*, No. 20-11168, 2022 WL 2387348, at *1-4 (5th Cir. July 1, 2022) ("[W]e cannot conclude that Rafiq has shown that he was prejudiced by any potential counsel error regarding the immigration consequences of his guilty plea."). The mandate issued

on August 23, 2022. *United States v. Rafiq*, No. 20-11168 (August 23, 2022 Judgment); ECF Nos. 53 and 54.

### IV. Rafiq's Motion under Rule 60(b) and Supplements Thereto

In the motion for relief from judgment under Rule 60(b), Rafiq now contends that this Court failed to properly address his claim that counsel was ineffective for failing to submit exculpatory evidence attributed to him, and how the failure to provide such evidence affected his offense. Rule 60(b) Mot. 4, ECF No. 50. In the supplement, Rafiq writes that he challenges this Court's denial of his claim that "counsel was ineffective for failing to present rebuttal evidence challenging the amount of herbal incense that should have been excluded from drug quantity calculation." Suppl. 1, ECF No. 51. And, in the second supplement, Rafiq argues an ineffective assistance claim based on counsel's failure to insure a Rule 11(b)(1)(O) admonishment. Second Suppl., ECF No. 57; Rafiq Declaration 1, ECF No. 58. Thus, Rafiq now argues mistakes by this Court in its review of his claim that counsel was ineffective for failing to (1) present mitigating or exculpatory evidence, and (2) ensure the Rule 11(b)(1)(O) admonishment.

### V. Law Applicable to Rule 60 Motions Following § 2255 Proceedings

The Fifth Circuit has held that "motions that federal prisoners purportedly bring under Rule 60(b), but which essentially seek to set aside their conviction on constitutional grounds," should be treated as § 2255 motions. *United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998) (noting there is a "trend among circuit courts to look beyond the formal title affixed to a motion if the motion is a functional equivalent of a motion under § 2255") (citations omitted)). More recently the Fifth Circuit explained that "A Rule 60(b) motion raising new substantive claims or attacking the merits-based resolution of prior § 2255 claims should be construed as a successive § 2255 motion." *United States v. Fleming*, 734 F. App'x 298, 299 (5th Cir. 2018) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 529-31 (2005)). In *Gonzalez*, the Supreme Court held that a

Rule 60(b) motion for relief from judgment in a habeas case brought under 28 U.S.C. § 2254 is properly characterized as a second or successive petition subject to 28 U.S.C. § 2244(b), if, among other things, it "seeks to add a new ground for relief." *Gonzalez,* 545 U.S. at 530-32. Although *Gonzalez* only addresses the extent to which Rule 60(b) applies to cases under § 2254, the rationale of Gonzalez applies to review of a Rule 60(b) motion filed subsequently to the resolution of a motion under § 2255. *See United States v. Bell*, 369 F. App'x. 610, 611 (5th Cir. 2010) (per curiam) ("A Rule 60(b) motion filed in a collateral proceeding should be construed as a successive § 2255 motion, even where the motion seeks to raise a claim based on a change in the law") (citing *Gonzalez*, 545 U.S. at 531-32, and *Rich*, 141 F.3d at 551-53)). The *Gonzalez* Court gave three examples of motions that are in substance successive habeas petitions subject to pre-certification under 28 U.S.C. § 2244(b):  "first, a motion seeking leave to bring a new claim of constitutional error that was previously omitted due to 'excusable neglect'; second, a motion seeking leave to present newly discovered evidence in support of a claim previously argued; and third, a motion seeking relief based on a subsequent change in substantive law." *Jackson v. Lumpkin*, 25 F.4th 339, 340-41 (5th Cir. 2022) (citing *Gonzalez*, 545 U.S. at 530–31).

On the other hand, there are only narrow circumstances in which a district court may entertain a Rule 60 motion in a habeas or § 2255 proceeding. As described in *Gonzalez*, a true Rule 60 motion is one that either (1) challenges only a procedural ruling of the habeas court that precluded a determination on the merits of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition. *Id.* at 532 and nn.4 & 5; *see also United States v. Hernandes*, 708 F.3d 680, 681-82 (5th Cir. 2013).  The Supreme Court noted "that an attack based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a

5

second chance to have the merits determined favorably." *Gonzalez*, 545 U.S. at 532 n.5 (citation omitted).

Moreover, procedural defects "must be 'narrowly construed' when considering whether motions are subject to the limits on successive habeas petitions." *United States v. Vialva*, 904 F.3d 356, 360 (5th Cir. 2018) (citation omitted). "[M]otions that 'in effect ask for a second chance to have the merits determined favorably' must be construed as successive habeas petitions regardless whether they are characterized as procedural attacks." *Id*. (quoting *Balentine v. Thaler*, 626 F.3d 842, 847 (5th Cir. 2010)). Stated another way, purported attacks on the integrity of the habeas proceedings cannot hinge substantively on a merits-based argument. *Id.* at 360; *In re Robinson*, 917 F.3d 856, 862 (5th Cir. 2019) ("To bring a proper Rule 60(b) claim, a movant must show a *non-merits-based* defect in the district court's earlier decision on the federal habeas petition") (internal quotations omitted) (emphasis in original).

## V. Application of Law to Review of Rafiq's Rule 60(b) Motion and Supplements

The arguments in Rafiq's Rule 60(b) motion and supplements thereto do not challenge a procedural ruling that precluded merits review or the integrity of the prior § 2255 proceedings. Instead, his Rule 60(b) motion and supplements thereto present nothing more than prohibited merits-based challenges. *See Hernandes*, 708 F.3d at 682 (finding that "Rule 60(b) motion is, in fact, a § 2255 motion in disguise . . .because it is precisely the sort of prohibited motion that 'attacks the federal court's previous resolution of a claim *on the merits*'") (quoted cases omitted) (emphasis in original)). Here, the Court denied all of Rafiq's claims of ineffective assistance of counsel *on the merits* and his Rule 60(b) motion and supplements do not raise nonmerits issues that precluded a merits determination. Rather, Rafiq challenges the Court's determination that his trial counsel did not render ineffective assistance in failing to present mitigating or rebuttal evidence, and to insure he received the proper admonishments regarding the immigration

consequences of his guilty plea. Rule 60(b) Mot., ECF No. 50; Suppl., ECF No. 51; Second Suppl., ECF No. 57. Thus, Rafiq's arguments are grounded in substance, not procedure, and, "in effect, [he] asks for a second chance to have the merits determined favorably." *Preyor v. Davis*, 704 F. App'x 331, 340 (finding Rule 60 motion was properly treated as a successive habeas petition). Under these circumstances, Rafiq's grounds do not qualify for review under Rule 60(b).

Consequently, Rafiq's Rule 60(b) motion and supplements thereto are the equivalent of a second or successive § 2255 motion, which the court lacks jurisdiction to review absent authorization from the Fifth Circuit. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A) and (B) (before a § 2255 movant may file a second or successive § 2255 motion in the district court, a three-judge panel of the appropriate court of appeals must determine whether the movant makes the requisite prima facie showing).

## VI. Order

It is therefore **ORDERED** that Rafiq's July 19, 2022 motion seeking relief under Federal Rule of Civil Procedure 60(b) (ECF No. 50) as supplemented on July 26, 2022 (ECF NO. 51) and again on September 14, 2022 (ECF Nos. 57 and 58), are collectively construed as a successive motion for relief under 28 U.S.C. § 2255.[1]

It is further **ORDERED** that the successive § 2255 motion is **DISMISSED without prejudice** for lack of jurisdiction to Rafiq seeking leave to file a successive § 2255 motion from the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2255(h)(1) and 28 U.S.C. § 2244(b)(3)(A) and (b).

---

[1] Rafiq's unrelated motions for a copy of the docket sheet and to expedite consideration (ECF Nos. 55 and 56), are **DENIED**.

7

It is further **ORDERED** that, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability. In light of the rulings in this case, the court concludes that Rafiq has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

**SO ORDERED** this **20th day** of **September, 2022**.

_Reed O'Connor_
**UNITED STATES DISTRICT JUDGE**